**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CEMENT-LOCK, LLC, an Illinois limited liability company, and RICHARD MELL, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 0018 |
| GAS TECHNOLOGY INSTITUTE, an Illinois corporation, INSTITUTE OF GAS TECHNOLOGY, an Illinois corporation, ENDESCO SERVICES, INC., an Illinois corporation, ENDESCO CLEAN HARBORS, LLC, an Illinois limited liability company, STANLEY S. BORYS, an individual, JAMES E. DUNNE, an individual, FRANCIS S. LAU, an individual, and CEMENT-LOCK GROUP, LLC, a Delaware limited liability company and nominal defendant, | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Rebecca Pallmeyer |
| Defendants. | ) | |

**DEFENDANT BORYS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO COUNT VIII - ACCOUNTING PURSUANT TO FED. R. CIV. P. 50(a)**

Now comes Defendant Stanley S. Borys ("Borys"), by and through his undersigned attorney, and pursuant to Fed. R. Civ. P. 50(a)[1], respectfully moves this Court to grant judgment as a matter of law regarding Count VIII of the Amended Complaint. Plaintiff Cement-Lock, LLC ("CLLLC") and Richard Mell, on behalf of Cement-Lock Group, LLC ("CLG"), have not submitted sufficient evidence upon which a reasonable jury could find Defendant Borys individually liable for an accounting.

---

[1] Defendant Borys orally moved for judgment as a matter of law as to Count VIII - Accounting pursuant to Rule 50(a) on March 4, 2008. *See* Tr. 3-4-08, 5375:15-25. This memorandum is in further support of Borys' oral motion.

**STANDARD FOR JUDGMENT AS A MATTER OF LAW**

Under Rule 50, a district court should enter a judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.Proc. 50; *Murray v. Chicago Transit Authority*, 252 F.3d 880, 886-87 (7th Cir. 2001) (affirming the district court's granting of Fed.R.Civ.Proc. 50(a) motion at the close of plaintiff's case for plaintiff's failure to establish a legally sufficient basis for a reasonable jury to enter a verdict on her behalf) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000)). A motion for directed verdict should be granted "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Satellite Receivers, Ltd. v. Household Bank* (Nevada), N.A., 49 F.Supp.2d 1083, 1087 (E.D. Wis. 1999) (citing *Juarez v. Ameritech Mobile Communications, Inc.* 957 F.2d 317, 322 (7th Cir. 1992) (quoting *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**ARGUMENT**

Plaintiffs Amended Complaint states that Plaintiffs seek an accounting against all Defendants. As an individual who is not an employee or officer of CLG or any of the corporate defendants, Borys is not a proper party to Plaintiffs' claim for an accounting. As a former officer and employee of CLG, Borys is unable to provide an accounting based on the corporate records of CLG or any of the corporate defendants. Borys neither possesses nor controls any corporate documents from CLG or any of the corporate defendants, which would be necessary to complete an accounting.

An accounting is an equitable remedy appropriate when legal remedies are inadequate; and when there is "(1) a breach of a fiduciary relationship between the parties; (2) a need for

discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 545 (7th Cir. 2003).[2] In order to establish the liability of Borys for an accounting, Plaintiffs must have demonstrated that Borys is the custodian of the requisite corporate records. *Broward Hospital District v. Medquist, Inc.*, 576 F. Supp. 2d 370, 386-387 (D.N.J. 2007); *see also Stoops v. Abbassi*, 100 Cal. App. 4th 644, 657, fn. 11 (Cal. App. Ct. 2002) (holding that a claim for an accounting brought under the California Insurance Code was improper as against individual members of an interindemnity cooperative corporation who did not have control or access to the information sought by the accounting). Plaintiffs must present evidence that Borys has access to the records necessary for the completion of the accounting. *Id.*

In dismissing the claim for an accounting against the individual defendants, the District Court of New Jersey held that the defendants must have access to or custody or control over the records which plaintiffs seek for the accounting. *Id*. at 386. "The corporate defendants and not the former officers are the proper defendants for this claim [accounting]." *Id.* at 387.

At the close of all evidence in this trial, Plaintiffs have failed to present any evidence or testimony that Borys currently possesses or controls any relevant CLG corporate records or the records of any of the corporate defendants. Tr. 1006:14-18 (Borys). Borys is no longer an employee or officer of any corporate party. Tr. 1095:13-23 (Borys). Absent such evidence or testimony that the corporate records or documents of CLG or any corporate defendants are in his possession or under his control, Borys, in his individual capacity, cannot be found liable under the claim for an accounting.

---

[2] The Application of Delaware law would not produce a different result from Illinois Law. In Delaware an accounting is appropriate when, "there are mutual accounts between the parties; (3) where the accounts are all on one side but there are circumstances of great complication; and (3) where a fiduciary relationship exists between the

Further, Plaintiffs have failed to present any evidence or testimony that Borys received or took any money from CLG or the Plaintiffs. Borys received no compensation from his role on the Cement-Lock Operating Board. Tr. 828:6-830:22 (Borys). The only monies Borys received was his salary as an employee of GTI. Tr. 1262:8-16 (Borys). This Court in its Amended Order on Summary Judgment determined that Borys did not receive compensation separate and apart from his salary as an employee of IGT and therefore entered judgment for Borys on the Plaintiffs' unjust enrichment claim. Additionally, Plaintiffs have presented no evidence or testimony that Borys received any monies related to the Plaintiffs' claims. Absent evidence or testimony that Borys received funds that must be accounted for, judgment for an accounting cannot be entered against Borys.

Further, the evidence and law was clear: the Plaintiffs had full access to the books and records of Cement Lock Group under ¶ 10.2 of the Cement Lock Group Operating Agreement (BX 24, p. 17) and by virtue of Delaware LLC law: 6 Del. Code § 18-305 (Borys Proposed Instruction No. 18 Modified) from 12/97 but did not until the later part of 2003 request to see the records. Tr. 1559:2-11, 1607:5-13 (Mell). When Plaintiffs did exercise their right to obtain this information including an accounting of CLG funds, GTI responded and provided it to them. PX 805. The evidence at trial was further clear that Borys was not involved with nor authorized to prepare the financial information for CLG. BX 45, 135A. In addition, Plaintiffs' signed off on unanimous written consents approving the annual financial reports for CLG for the 2001 and 2001 years. See e.g. BX 73, 78; GTIX 411, 473; Tr. 1557:1-12; 1557:25-1559:1 (Mell).

The Court should find that the Derivative Plaintiffs CLLLC and Mell are unable to maintain a claim for an accounting against Borys, individually, as he did not have exclusive control or access

---

parties and a duty rests upon the defendant to render an account." *Pan American Trade & I. Corp. v. Commercial Metals Co.*, 94 A.2d 700, 701 (1953).

to the CLG records, and did not receive any funds from CLG for which he could account. Moreover, as the evidence at trial revealed, Plaintiffs in fact received an accounting from GTI and Thomas O'Laughlin on January 6, 2004 and no evidence was offered by Plaintiffs at trial to demonstrate that this accounting was faulty, incomplete or erroneous. Finally, the evidence established that Plaintiffs

Accordingly, the Court should grant Defendant Borys' Rule 50(a) motion and enter judgment against Plaintiffs on Count VIII of the Amended Complaint as to Borys individually.

RESPECTFULLY SUBMITTED,

DEFENDANT STANLEY BORYS

BY: /s/ Susan Bogart
Law Offices of Susan Bogart
30 North LaSalle St., Ste. 2900
Chicago, IL 60602
(312) 263-0900 ext. 7014
SBogart514@aol.com